## M. H. ALEXANDER *v.* JOHN HANLEY.

*Statute of limitations.   Note witnessed by wife of payee.*

If a promissory note be attested by the wife of the payee as a witness with the knowledge and consent of the maker, he cannot afterwards object that the same is not a witnessed note within the statute of limitations.

Exceptions from the City Court of Burlington.

The action was special assumpsit for the amount of a promissory note. Plea, the statute of limitations. Replication that the note was a witnessed note. Trial by court.

The note was payable to Edward P. Howe and was attested by Elizabeth A. Howe as a witness. It was conceded that Elizabeth A. Howe was the wife of Edward P. Howe. The court found that the defendant executed the note in the presence of the said Elizabeth A. and that she subscribed the same as a witness with his knowledge and consent; and upon these facts sustained the replication and gave judgment for the plaintiff. To the action of the court in holding that Elizabeth A. was a competent attesting witness the defendant excepted.

*J. J. Monahan*, for the defendant.

The wife was incompetent as an attesting witness, since she could not have been a witness in court to the execution of the note. *Carpenter Exr.* v. *Moore et al.*, 43 Vt. 395; *Harding* v. *Cragie*, 8 Vt. 208; *Simkins* v. *Eddie*, 56 Vt. 615; *Wells* v. *Tucker*, 57 Vt. 228; *Carr* v. *Cornell*, 4 Vt. 118; *Esterbrook* v. *Prentiss*, 34 Vt. 459; *Morrill* v. *Morrill*, 53 Vt. 78; *Tillotson* v. *Prichard*, 60 Vt. 107; 1 Greenl. Ev. (12 Ed.) 572.

*M. H. Alexander*, for the plaintiff.

An attesting witness is not necessarily a competent witness. R. L. ss. 961, 2042; Edn. Interp. St. Note p. 28; *Smith* v. *Cham-*

*berlin*, 2 N. H. 440 ; *Johnson* v. *Turner*, 7 Ohio 216; *Morrill* v. *Morrill*, 53 Vt. 74.

The opinion of the court was delivered by

TAFT, J. The consent of the defendant, with full knowledge of the situation, that the wife might witness the note, made her competent to do so, and he cannot now be permitted to take this objection. The judgment of the City Court was correct and the same is

· *Affirmed.*